UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 22-CR-00091-1 (JMB/JFD) |
| Plaintiff, | |
| v. | **AMENDED ORDER** |
| Travon Lavelle Blackman, | |
| Defendant. | |

---

Katharine T. Buzicky, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Travon Lavelle Blackman, self-represented.

---

This matter is before the Court on Defendant Travon Lavelle Blackman's Motion to Vacate, Set Aside, or Correct Sentence (Motion) pursuant to 28 U.S.C. § 2255. (Doc. No. 73.) For the reasons explained below, the Court denies the motion.

## BACKGROUND

On August 29, 2022, Blackman pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 3147(1). (*See* Doc. No. 31 ¶ 1.) The conduct underlying this offense was committed several months after Blackman was supposed to have self-surrendered to the U.S. Marshals to serve a seventy-month term of imprisonment imposed when he was sentenced in another matter, *United States v. Blackman*, No. 20-CR-0136 (WMW/HB), Doc. 162 (D. Minn. Dec. 16, 2021) (hereinafter, "2020 Case").

1

Ultimately, Blackman elected to plead guilty in this matter. The plea agreement provided that the parties would jointly recommend a sentence, comprising a "total punishment" not to exceed 120 months in prison. (Doc. No. 31 ¶ 7.) It also recommended that the sentence would run concurrently with the seventy-month sentence imposed in the 2020 Case. (*Id.*) At sentencing, the Court sentenced Blackman to a term of imprisonment of 112 months, and eight additional months for having committed the underlying offense while on pretrial release in the 2020 Case, per 18 U.S.C. § 3147. (Doc. No. 49; Doc. No. 50 at 2; Doc. No. 53 at 12–13.) Contrary to the parties' recommendation in the plea agreement, the Court ordered the sentence to be served consecutively with the seventy-month sentence in the 2020 Case. (Doc. No. 53 at 13:24–14:1, 22:13–16.)

In March 2023, Blackman appealed his sentence to the Eighth Circuit Court of Appeals. Blackman's attorney moved for leave to withdraw and filed his brief under *Anders v. California*, 386 U.S. 738 (1967).[1] In his appeal, Blackman argued that his sentence is substantively unreasonable because the district court did not sufficiently explain its reasoning for running his sentence consecutively, and that it was procedurally unreasonable because the district court did not explain its application of U.S.S.G. § 5G1.3 when concluding that the sentences were to run consecutively. (Doc. No. 64.) Ultimately, the Eighth Circuit concluded that Blackman's arguments had no merit, and that "[t]he sentence was neither procedurally, nor substantively unreasonable." *United States v. Blackman*, No. 23-1543, 2023 WL 4783393, at *1 (8th Cir. July 27, 2023). The Eighth

---

[1] In an *Anders* brief, court-appointed counsel files their motion to withdraw from representation because of their belief that any grounds for appeal are frivolous. *See id.*

Circuit further observed that "the district court appropriately considered the § 3553(a) factors and adequately explained its decision to run the instant and prior sentences consecutively." (*Id.*) Blackman's projected release date is in November 2035.

## DISCUSSION

Blackman argues that he is entitled to relief under 28 U.S.C. § 2255 because the Court committed an error during sentencing. The Court disagrees and denies the motion.

Under 28 U.S.C. § 2255, a prisoner may move the district court to vacate, set aside, or correct a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief under section 2255 is an extraordinary remedy that is "reserved for transgressions of constitutional rights . . . that could not have been raised on direct appeal." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, section 2255 does not provide an avenue to relitigate matters that were or could have been decided on direct appeal, except arguments of ineffective assistance. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011); *Lefkowitz v. United States*, 446 F.3d 788, 790 (8th Cir. 2006). A petitioner bears the burden of proof when seeking relief under section 2255. *Golinveaux v. United States*, 95 F.3d 564, 567 (8th Cir. 2019).

Blackman asserts that the plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which bound the Court to order his sentence to run concurrent with the sentence in the 2020 Case. (Doc. No. 73 at 5.) (*Id.*) Because Blackman's argument mischaracterizes the plea agreement, the Court denies his motion.

When a plea agreement is made pursuant to Rule 11(c)(1)(C), the Government and defendant "agree" to the appropriate terms of sentencing, and the Court is bound by that

agreement. *See* Fed. R. Crim. P. 11(c)(1)(C); *U.S. v. Gillen*, 449 F.3d 898, 902 (8th Cir. 2006). By contrast, when a plea agreement is made under Rule 11(c)(1)(B), the Government agrees to "recommend" an appropriate sentence, which does not bind the Court at sentencing. *See* Fed. R. Crim. P. 11(c)(1)(B); *Gillen*, 449 F.3d at 902. The Court turns to the plea agreement to determine whether its provisions regarding sentencing were binding on the Court. The plea agreement itself does not specify whether it is made pursuant to Rule 11(c)(1)(B) or 11(c)(1)(C). However, with regard to sentencing, it provides that "the parties agree to jointly *recommend*" an appropriate sentence. (Doc. No. 31 ¶ 7 (emphasis added).) It also provides that "[t]he foregoing stipulations bind the parties but not the Court." (*Id.* ¶ 6.) Clearly, the plea agreement was made pursuant to Rule 11(c)(1)(B) and the parties' "recommend[ation]" as to sentencing was not binding on the Court. *See Gillen*, 449 F.3d at 902 (concluding that, where plea agreement did not specify under which rule it was made, an advisory in the agreement that its terms were not binding on the Court shows it was made under Rule 11(c)(1)(B)).

The record shows that, at the change-of-plea hearing, Blackman demonstrated an understanding that the plea agreement's terms regarding sentencing were not binding on the Court. For example, Blackman agreed with the Government's attorney that the plea agreement's stipulations regarding sentencing "do not bind Judge Wright or the Court." (Doc. No. 62 at 25:13–21; *see also* Doc. No. 31 ¶ 6.) He also agreed that his and the Government's recommendation that his sentence should run concurrent with his sentence in the 2020 case is merely a recommendation, and the "the Court can impose a consecutive sentence more than that if the Court deems that that's necessary." (Doc. No. 62 at 27:18–

4

22.)  The presiding judge reiterated this point multiple times. (Doc. No. 62 at 30:15–31:19 ("I do not have to sentence you according to that plea agreement"; "what your plea agreement says about the sentencing guidelines is not binding on me"; "The sentencing guidelines recommendation is not binding on me and I'm required to consider many things in addition to that recommendation when I decide your sentence."); 32:5–6 ("[I]t is possible that I will impose a sentence that's longer than you are expecting or hoping for.").)

The plain terms of the plea agreement itself reflect that it was not binding on the Court at sentencing, and Blackman repeatedly represented his understanding of this.  As a result, the Court did not commit an error when ordering that Blackman's sentence run consecutive with his sentence in the 2020 Case.[2]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT: Defendant Travon Lavelle Blackman's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 73) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  November 21, 2024                    /s/ *Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court

---

[2] Blackman also argues that his appellate counsel was ineffective for not raising this Rule 11 argument.  In light of the Court's conclusion that the terms of the plea agreement were not binding on the Court at sentencing, his appellate counsel did not render ineffective assistance.  *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (holding that failure to establish that counsel's actions prejudiced the outcome on appeal is dispositive of a section 2255 claim of ineffective assistance).